EDWARD P. SHAUGHNESSY
731 LEHIGH STREET
EASTON, PA 18042
610-258-9955
E.S.6359

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN ARMSTRONG and

PATRICIA ARMSTRONG, Husband

And Wife,                              No.

        Plaintiffs

    vs.

HOTEL WESTMINSTER,

First Defendant;

KUSHNER COMPANIES, LLC,

Second Defendant;

ESPLANADE LIVINGSTON, LLC,

Third Defendant;

BERGER ORGANIZATION, LLC,

Fourth Defendant;

ABC CORPORATIONS (1-5);

JOHN DOES (1-5).                       CIVIL ACTION

Defendants                             JURY TRIAL DEMANDED

**COMPLAINT**

1.   The Plaintiffs, John Armstrong and Patricia Armstrong, are adult individuals currently residing at 370 Bougher Hill Road, Easton, Pennsylvania, 18042, and at all times herein were and are citizens of the Commonwealth of Pennsylvania.

2.   The First Defendant, Hotel Westminster, is a corporation, association, and/or other business entity organized and existing under the laws of the State of New Jersey, with a business address located at 550 West Mount Pleasant Avenue, Livingston, New Jersey and at all times mentioned herein was the owner and manager of a hotel at said location.

3.   The Second Defendant, Kushner Companies, LLC, is a corporation, association, and/or other business entity organized and existing under the laws of the State of New York, with a business address located at 666 Fifth Avenue, New York, NY 16103, and at all times mentioned herein was the owner and manager of a hotel at 550 West Mount Pleasant Avenue, Livingston, New Jersey.

4.   The Third Defendant, Esplanade Livingston, LLC, is a corporation, association, and/or other business entity organized and existing under the laws of the State of New

Jersey, with a business address located at 550 West Mount Pleasant Avenue, Livingston, New Jersey and at all times mentioned herein was the owner and manager of a hotel at said location.

5.  The Fourth Defendant, Berger Organization, LLC, is a corporation, association, and/or other business entity organized and existing under the laws of the State of New Jersey, with a business address located at Robert Treat Center, Fifty Park Place, Newark, new Jersey 07102, and at all times mentioned herein was the owner and manager of a hotel at 550 West Mount Pleasant Avenue, Livingston, New Jersey.

6. The jurisdiction of this Court is vested by reason of the complete diversity of citizenship of the Plaintiffs and Defendants and the amount in controversy is in excess of Seventy-Five Thousand (%75,000.00) Dollars, exclusive of interest and costs.

## FIRST CAUSE OF ACTION

### JOHN ARMSTRONG VS. FIRST DEFENDANT

7. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 6, inclusive, as though more fully set forth at length herein.

8. On or about May 27, 2014, the Plaintiff, John Armstrong was a paying hotel guest invitee at the premises of the Hotel Westminster and was exiting the shower in his hotel room, when he fell on the slippery floor of the bathroom,  causing him to suffer a serious brain injury which has left him with significant physical and psychological deficits.

9. The area in which the Plaintiff fell was the maintenance and management responsibility of the Defendants.

10. At the time, date and place described above, the careless and negligent acts of the First Defendant, by and through its agents, servants, and/or employees, namely its maintenance staff and supervisory personnel, acting within the scope of their employment and in furtherance of the business activities of the Defendant, consisted of the following:

a. In failing to provide safe ingress and egress to and from the shower area of the bathroom;

b. In failing to correct a dangerous condition on the subject property in the shower area;

c. In failing to warn the plaintiff of the dangerous condition existing on the subject premises in the shower area;

d. In having knowledge of a dangerous condition at the said premises and in failing to correct the same;

e. In failing to have knowledge of a dangerous condition at said premises when they should have had knowledge and notice and in failing to correct the same;

f. In failing to understand, appreciate, and consider that a dangerous condition existed on said premises and in failing to correct the same;

g. In failing to adequately maintain the area and to correct the dangerous condition that existed;

h. In failing to correct the dangerous condition, after having notice of same.

I. In failing to provide a bathmat or non skid surface in the shower area of the subject property.

j. In negligently maintaining the subject property.

k. In negligently overseeing and managing the maintenance personnel of the subject property.

l. In failing to conform to appropriate hotel safety standards for bathrooms in hotel rooms.

m. In failing to have appropriate grab bars, hand holds, and/or guard rails for ingress and egress from the shower area.

n. In failing to provide any mobility assistance devices in the shower area of the hotel room.

o. In failing to have a separate tub and shower in the hotel room.

11. As a result of the negligence of the Defendants, the Plaintiff suffered serious injuries aforesaid, all of which caused him inconvenience, frustration and pain.

12. By reason of the injuries sustained by the plaintiff, he was forced to incur liability for medical treatment, medications, hospitalizations and other similar miscellaneous expenses in an effort to restore himself to health, and claim is made therefore.

13. Because of the nature of his injuries, Plaintiff has been advised and, therefore, avers that he may be forced to incur similar expenses in the future, and claim is made therefore.

14. As a result of the aforementioned injuries, the Plaintiff has undergone and in the future will undergo physical and mental suffering, inconvenience, physical disfigurement and frustration in carrying out his daily activities, and claim is made therefore.

15. As a result of the aforesaid injuries, the Plaintiff has been and in the future will be subject to humiliation and embarrassment, and claim is made therefore.

16. As a result of the aforesaid injuries, the Plaintiff has sustained work loss, wage loss, loss of

opportunity, and a permanent diminution of his earning power and capacity, and claim is made therefore.

17.   Plaintiff continues to be plagued by persistent pain and limitation and, therefore, avers that his injuries may be of a permanent nature, causing residual problems for the remainder of his lifetime, and claim is made therefore.

18.   As a result of the aforesaid injuries, the Plaintiff has been unable to pursue and enjoy many of the usual activities of his life, and has suffered a loss of enjoyment of life and a loss of certain of life's pleasures, and will continue to suffer this loss into the future, and claim is made therefore.

**WHEREFORE**, Plaintiffs respectfully request that:

a) This Court enter judgment for compensatory and punitive danages against the Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, to be proved at trial;

b) This Court award the Plaintiffs reasonable Attorney's fees and costs of suit:

c) This Court award such other and further relief as this Court deems just and equitable.

**SECOND CAUSE OF ACTION**

**JOHN ARMSTRONG VS. SECOND DEFENDANT**

19. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 18, inclusive, as though more fully set forth at length herein.

20. On or about May 27, 2014, the Plaintiff, John Armstrong was a paying hotel guest invitee at the premises of the Hotel Westminster and was exiting the shower in his hotel room, when he fell on the slippery floor of the bathroom, causing him to suffer a serious brain injury which has left him with significant physical and psychological deficits.

21. The area in which the Plaintiff fell was the maintenance and management responsibility of the Defendants.

22. At the time, date and place described above, the careless and negligent acts of the First Defendant, by and through its agents, servants, and/or employees, namely its maintenance staff and supervisory personnel, acting within the scope of their employment and in furtherance of the business activities of the Defendant, consisted of the following:

a. In failing to provide safe ingress and egress to and from the shower area of the bathroom;

b. In failing to correct a dangerous condition on the subject property in the shower area;

c. In failing to warn the plaintiff of the dangerous condition existing on the subject premises in the shower area;

d. In having knowledge of a dangerous condition at the said premises and in failing to correct the same;

e. In failing to have knowledge of a dangerous condition at said premises when they should have had knowledge and notice and in failing to correct the same;

f. In failing to understand, appreciate, and consider that a dangerous condition existed on said premises and in failing to correct the same;

g. In failing to adequately maintain the area and to correct the dangerous condition that existed;

h. In failing to correct the dangerous condition, after having notice of same.

I. In failing to provide a bathmat or non skid surface in the shower area of the subject property.

j. In negligently maintaining the subject property.

k. In negligently overseeing and managing the maintenance personnel of the subject property.

l. In failing to conform to appropriate hotel safety standards for bathrooms in hotel rooms.

m. In failing to have appropriate grab bars, hand holds, and/or guard rails for ingress and egress from the shower area.

n. In failing to provide any mobility assistance devices in the shower area of the hotel room.

o. In failing to have a separate tub and shower in the hotel room.

23.  As a result of the negligence of the Defendants, the Plaintiff suffered serious injuries aforesaid, all of which caused him inconvenience, frustration and pain.

24.  By reason of the injuries sustained by the plaintiff, he was forced to incur liability for medical treatment, medications, hospitalizations and other similar miscellaneous expenses in an effort to restore himself to health, and claim is made therefore.

25.  Because of the nature of his injuries, Plaintiff has been advised and, therefore, avers that he may be forced to incur similar expenses in the future, and claim is made therefore.

26.  As a result of the aforementioned injuries, the Plaintiff has undergone and in the future will undergo physical and mental suffering, inconvenience, physical

disfigurement and frustration in carrying out his daily activities, and claim is made therefore.

27.  As a result of the aforesaid injuries, the Plaintiff has been and in the future will be subject to humiliation and embarrassment, and claim is made therefore.

28.  As a result of the aforesaid injuries, the Plaintiff has sustained work loss, wage loss, loss of opportunity, and a permanent diminution of his earning power and capacity, and claim is made therefore.

29.  Plaintiff continues to be plagued by persistent pain and limitation and, therefore, avers that his injuries may be of a permanent nature, causing residual problems for the remainder of his lifetime, and claim is made therefore.

30.  As a result of the aforesaid injuries, the Plaintiff has been unable to pursue and enjoy many of the usual activities of his life, and has suffered a loss of enjoyment of life and a loss of certain of life's pleasures, and will continue to suffer this loss into the future, and claim is made therefore.

**WHEREFORE,** Plaintiffs respectfully request that: a) This Court enter judgment for compensatory and punitive damages against the Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, to be proved at trial;

b) This Court award the Plaintiffs reasonable Attorney's
fees and costs of suit:
c) This Court award such other and further relief as this
Court deems just and equitable.

### THIRD CAUSE OF ACTION

### JOHN ARMSTRONG VS. THIRD DEFENDANT

31. Plaintiff incorporates by reference all of the
allegations contained in paragraphs 1 through 30,
inclusive, as though more fully set forth at length herein.

32. On or about May 27, 2014, the Plaintiff, John
Armstrong was a paying hotel guest invitee at the premises
of the Hotel Westminster and was exiting the shower in his
hotel room, when he fell on the slippery floor of the
bathroom, causing him to suffer a serious brain injury
which has left him with significant physical and
psychological deficits.

33. The area in which the Plaintiff fell was the
maintenance and management responsibility of the
Defendants.

34. At the time, date and place described above, the
careless and negligent acts of the First Defendant, by and
through its agents, servants, and/or employees, namely its
maintenance staff and supervisory personnel, acting within

the scope of their employment and in furtherance of the business activities of the Defendant, consisted of the following:

a. In failing to provide safe ingress and egress to and from the shower area of the bathroom;

b. In failing to correct a dangerous condition on the subject property in the shower area;

c. In failing to warn the plaintiff of the dangerous condition existing on the subject premises in the shower area;

d. In having knowledge of a dangerous condition at the said premises and in failing to correct the same;

e. In failing to have knowledge of a dangerous condition at said premises when they should have had knowledge and notice and in failing to correct the same;

f. In failing to understand, appreciate, and consider that a dangerous condition existed on said premises and in failing to correct the same;

g. In failing to adequately maintain the area and to correct the dangerous condition that existed;

h. In failing to correct the dangerous condition, after having notice of same.

I. In failing to provide a bathmat or non skid surface in the shower area of the subject property.

j. In negligently maintaining the subject property.

k. In negligently overseeing and managing the maintenance personnel of the subject property.

l. In failing to conform to appropriate hotel safety standards for bathrooms in hotel rooms.

m. In failing to have appropriate grab bars, hand holds, and/or guard rails for ingress and egress from the shower area.

n. In failing to provide any mobility assistance devices in the shower area of the hotel room.

o. In failing to have a separate tub and shower in the hotel room.

35.  As a result of the negligence of the Defendants, the Plaintiff suffered serious injuries aforesaid, all of which caused him inconvenience, frustration and pain.

36.  By reason of the injuries sustained by the plaintiff, he was forced to incur liability for medical treatment, medications, hospitalizations and other similar miscellaneous expenses in an effort to restore himself to health, and claim is made therefore.

37.  Because of the nature of his injuries, Plaintiff has been advised and, therefore, avers that he may be forced to incur similar expenses in the future, and claim is made therefore.

38.  As a result of the aforementioned injuries, the Plaintiff has undergone and in the future will undergo physical and mental suffering, inconvenience, physical disfigurement and frustration in carrying out his daily activities, and claim is made therefore.

39.  As a result of the aforesaid injuries, the Plaintiff has been and in the future will be subject to humiliation and embarrassment, and claim is made therefore.

40.  As a result of the aforesaid injuries, the Plaintiff has sustained work loss, wage loss, loss of opportunity, and a permanent diminution of his earning power and capacity, and claim is made therefore.

41.   Plaintiff continues to be plagued by persistent pain and limitation and, therefore, avers that his injuries may be of a permanent nature, causing residual problems for the remainder of his lifetime, and claim is made therefore.

42.  As a result of the aforesaid injuries, the Plaintiff has been unable to pursue and enjoy many of the usual activities of his life, and has suffered a loss of enjoyment of life and a loss of certain of life's pleasures, and will continue to suffer this loss into the future, and claim is made therefore.

**WHEREFORE,** Plaintiffs respectfully request that:

a) This Court enter judgment for compensatory and punitive danages against the Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, to be proved at trial;

b) This Court award the Plaintiffs reasonable Attorney's fees and costs of suit:

c) This Court award such other and further relief as this Court deems just and equitable.

### FOURTH CAUSE OF ACTION

### JOHN ARMSTRONG VS. FOURTH DEFENDANT

43. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 42, inclusive, as though more fully set forth at length herein.

44. On or about May 27, 2014, the Plaintiff, John Armstrong was a paying hotel guest invitee at the premises of the Hotel Westminster and was exiting the shower in his hotel room, when he fell on the slippery floor of the bathroom, causing him to suffer a serious brain injury which has left him with significant physical and psychological deficits.

45. The area in which the Plaintiff fell was the maintenance and management responsibility of the Defendants.

46. At the time, date and place described above, the careless and negligent acts of the First Defendant, by and through its agents, servants, and/or employees, namely its maintenance staff and supervisory personnel, acting within the scope of their employment and in furtherance of the business activities of the Defendant, consisted of the following:

a. In failing to provide safe ingress and egress to and from the shower area of the bathroom;

b. In failing to correct a dangerous condition on the subject property in the shower area;

c. In failing to warn the plaintiff of the dangerous condition existing on the subject premises in the shower area;

d. In having knowledge of a dangerous condition at the said premises and in failing to correct the same;

e. In failing to have knowledge of a dangerous condition at said premises when they should have had knowledge and notice and in failing to correct the same;

f. In failing to understand, appreciate, and consider that a dangerous condition existed on said premises and in failing to correct the same;

g. In failing to adequately maintain the area and to correct the dangerous condition that existed;

h. In failing to correct the dangerous condition, after having notice of same.

I. In failing to provide a bathmat or non skid surface in the shower area of the subject property.

j. In negligently maintaining the subject property.

k. In negligently overseeing and managing the maintenance personnel of the subject property.

l. In failing to conform to appropriate hotel safety standards for bathrooms in hotel rooms.

m. In failing to have appropriate grab bars, hand holds, and/or guard rails for ingress and egress from the shower area.

n. In failing to provide any mobility assistance devices in the shower area of the hotel room.

o. In failing to have a separate tub and shower in the hotel room.

47.  As a result of the negligence of the Defendants, the Plaintiff suffered serious injuries aforesaid, all of which caused him inconvenience, frustration and pain.

48.  By reason of the injuries sustained by the plaintiff, he was forced to incur liability for medical treatment, medications, hospitalizations and other similar miscellaneous expenses in an effort to restore himself to health, and claim is made therefore.

49.  Because of the nature of his injuries, Plaintiff has been advised and, therefore, avers that he may be forced to incur similar expenses in the future, and claim is made therefore.

50.  As a result of the aforementioned injuries, the Plaintiff has undergone and in the future will undergo physical and mental suffering, inconvenience, physical disfigurement and frustration in carrying out his daily activities, and claim is made therefore.

51.  As a result of the aforesaid injuries, the Plaintiff has been and in the future will be subject to humiliation and embarrassment, and claim is made therefore.

52.  As a result of the aforesaid injuries, the Plaintiff has sustained work loss, wage loss, loss of opportunity, and a permanent diminution of his earning power and capacity, and claim is made therefore.

53.  Plaintiff continues to be plagued by persistent pain and limitation and, therefore, avers that his injuries

may be of a permanent nature, causing residual problems for the remainder of his lifetime, and claim is made therefore.

54. As a result of the aforesaid injuries, the Plaintiff has been unable to pursue and enjoy many of the usual activities of his life, and has suffered a loss of enjoyment of life and a loss of certain of life's pleasures, and will continue to suffer this loss into the future, and claim is made therefore.

**WHEREFORE**, Plaintiffs respectfully request that:
a) This Court enter judgment for compensatory and punitive danages against the Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, to be proved at trial;
b) This Court award the Plaintiffs reasonable Attorney's fees and costs of suit:
c) This Court award such other and further relief as this Court deems just and equitable.

## FIFTH CAUSE OF ACTION

### PATRICIA ARMSTRONG vs. ALL DEFENDANTS

55. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 54 inclusive as though more completely set forth at length herein.

56.   As a result of the aforementioned injuries sustained by her husband, Patricia Armstrong has been, and in the future may be, deprived of the care, companionship, consortium, and society of her husband, all of which is and will be to her great detriment, and claim is made therefore.

**WHEREFORE**, Plaintiffs respectfully request that:
a) This Court enter judgment for compensatory and punitive danages against the Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, to be proved at trial;
b) This Court award the Plaintiffs reasonable Attorney's fees and costs of suit:
c) This Court award such other and further relief as this Court deems just and equitable.

## SIXTH CAUSE OF ACTION

### PLAINTIFFS vs. ABC CORPORATIONS (1-5) and JOHN DOES (1-5)

57.   Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 56 inclusive as though more completely set forth at length herein.

58.   Plaintiffs hereby pleads a Cause of Action against ABC Corporations(1-5) and John Does(1-5), fictitious individuals and/or business entities, pursuant to temporarily suffice for the presently unknown identities

of other Defendant parties who/which are deemed to include corporations, partnerships and any and all other individuals who/which may have played any role whatsoever in contributing to the injuries and damages sustained by the Plaintiffs more specifically described herein.

59.   At such time as the identities of such fictitiously plead defendants are ascertained, plaintiff shall seek leave to amend this complaint so as to substitute the actual names of said parties for the fictitious names set forth herein.

60. Plaintiffs attribute each and every act of negligence and damages alleged against the named defendants hereto those who are fictitiously pleaded as if they were more specifically set forth at length herein in their entirety.

**WHEREFORE**, Plaintiffs respectfully request that:
a) This Court enter judgment for compensatory and punitive danages against the Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, to be proved at trial;
b) This Court award the Plaintiffs reasonable Attorney's fees and costs of suit:

c) This Court award such other and further relief as this
Court deems just and equitable.


                                        /s/Edward Shaughnessy
                                        EDWARD P. SHAUGHNESSY
                                        PA I.D. NO. 52637
                                        731 LEHIGH STREET
                                        EASTON, PA.   18042
                                        610-258-9955
                                        COUNSEL FOR PLAINTIFFS